IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL ZULUAGA #1557923 | § | |
| v. | § | CIVIL ACTION NO. 5:14cv26 |
| DAWN MERCHANT, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Zuluaga, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Zuluaga names Warden Dawn Merchant, Lt. Sidney Arnold, Officers Nita Brigance and Andrea McLilly, grievance investigator B. Howard, law library supervisor Chequita Dunbar, and an unknown grievance officer.

Zuluaga states he came into the Texas prison in 2009 in possession of a unique and irreplaceable wristwatch, valued at $3,000.00, which had been a gift from his grandfather. On May 14, 2013, the watch was illegally seized and his property papers taken by officers Brigance and Arnold. The watch was allegedly given to McLilly, the property officer. Zuluaga's grievances were denied for the stated reason that his records did not show he had a watch when he entered prison; however, Zuluaga states he requested replacement property papers and these papers, originally dated March 18, 2009, showed Zuluaga had a watch with a black face and a black band.

The Defendants filed a motion to dismiss, to which Zuluaga did not file a response. After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to

1

dismiss be granted and the lawsuit dismissed. The Magistrate Judge concluded that under Parratt v. Taylor, 451 U.S. 527 (1981) and Hudson v. Palmer, 468 U.S. 517 (1984), random and unauthorized deprivations of a prisoner's property do not violate procedural due process if the State furnishes an adequate post-deprivation remedy. These holdings, known as the Parratt/Hudson Doctrine, apply where the deprivation is unpredictable, pre-deprivation process is impossible, and the conduct of the state actor is unauthorized.

According to Zuluaga, the taking of his watch was unlawful and unauthorized; this circumstance renders pre-deprivation process impossible. An adequate state post-deprivation remedy exists in the Texas administrative and judicial systems. Tex. Gov. Code art. 501.007; Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Thus, the Magistrate Judge concluded that the appropriate forum for Zuluaga's claim lay in state court or the administrative processes of TDCJ rather than federal court.

The Magistrate Judge also addressed Zuluaga's other claims, stating inmates do not have a protected liberty interest in having grievances resolved to their satisfaction; Zuluaga did not have a viable claim against Warden Merchant based on her position of authority as warden; and, it was not clear why Zuluaga named Dunbar, the law library supervisor, as a defendant, inasmuch as his only reference to the law library was that he had requested and received copies of his property papers.

In his objections to the Magistrate Judge's Report, Zuluaga states Merchant, Howard, McLilly, Dunbar, and the unknown grievance officer were personally involved because of their refusal to assist in the return of his watch after they were shown property papers proving ownership. He goes on to assert he utilized his post-deprivation remedies through the TDCJ grievance system but to no avail. Zuluaga contends "it is well known that TDCJ's grievance process is a farce and a joke" and therefore, he does have a federal due process claim.

Zuluaga asserts the Defendants have never denied Arnold and Brigance stole the watch from him during a wanton, unauthorized cell search. He states the Court should consider certain questions, including why he did not receive a disciplinary case for possession of contraband, why

the Defendants refuse to return his watch even after he obtained copies of property papers showing that he possessed one, and why his offer of settlement - to dismiss the lawsuit in return for his watch - has been ignored.

The Magistrate Judge correctly determined Zuluaga has no viable claim against Warden Merchant for *respondeat superior* liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Although he asserts the prison officials did not help him in getting back his watch, this is in effect a claim that his grievances and complaints were not resolved to his satisfaction. The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

The TDCJ grievance procedure is not the only state law avenue of relief available to prisoners claiming deprivation of personal property. The Fifth Circuit has held that a state-law claim for the tort of conversion fulfills this requirement. Murphy, 26 F.3d at 543. This avenue remains open to Zuluaga as a state post-deprivation remedy.

In addition, the Fifth Circuit has held the fact that a prisoner is unsuccessful in his state law remedies does not render these post-deprivation remedies inadequate. Leggett v. Comer, 280 Fed.Appx. 333, 2008 WL 2094411 (5th Cir., May 19, 2008), *citing* Holloway v. Walker, 784 F.2d 1287, 1293 (5th Cir. 1986); Leggett v. Williams, 277 Fed.Appx. 498, 2008 WL 1984271 (5th Cir., May 8, 2008). Because the State of Texas provides adequate post-deprivation remedies, Zuluaga does not have a basis for a claim under 42 U.S.C. §1983 for the deprivation of his property. Murphy, 26 F.3d at 543; Gardner v. Hudson, civil action no. 5:09cv189, 2010 WL 446562 (E.D.Tex., February 2, 2010), *appeal dismissed as frivolous* 409 Fed.Appx. 791, 2011 WL 396474 (5th Cir., February 3, 2011). Zuluaga's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court

has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (docket no. 8) is hereby **GRANTED** and the above-styled civil action be and hereby is **DISMISSED** for failure to state a claim upon which relief may be granted. This dismissal is **WITH PREJUDICE** as to the refiling of this claim in federal court, but **WITHOUT PREJUDICE** as to any claims in state court or through the administrative processes of TDCJ which Zuluaga may elect to pursue. It is further

**ORDERED** that a copy of this opinion shall be sent to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

  **SIGNED this 7th day of November, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE